### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO
_____

JESUS ALBERT DOMINGUEZ,

      Plaintiff,

v.                                                                  No. CIV 00-1659 BB/KBM

EXCELL AGENT SERVICES, L.L.C.,

      Defendant.

### OPINION

THIS MATTER comes before the Court for consideration of Defendant's motion to dismiss (Doc. 8). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion to dismiss will be granted.

This is an employment case brought by Plaintiff after he was fired by Defendant in November, 1998. Plaintiff's complaint alleged the following: (1) Plaintiff was employed by Defendant for almost a year, from December 1997 to November 1998; (2) at some time, during a meeting, Plaintiff raised his hand when the employees attending the meeting were asked whether they had been involved in union activities in the past; (3) in November 1998, Plaintiff was speaking with another employee and made statements concerning his past union activity with a previous employer, and concerning some fellow-employees' belief that unionization could bring equality to Defendant's workplace, especially with regard to pay issues; (4) this conversation was overheard by a third employee, who reported to Defendant's

management that Plaintiff had discussed organizing a union at the company; (5) shortly thereafter, Plaintiff was fired, and was told he was being fired due to his opinions and beliefs; (6) although Plaintiff's job title was Service Manager, he had very little supervisory authority, discretion, or right to exercise independent judgment, he had no decision-making authority, and he had no power to hire, fire, or discipline employees; and (7) if issues arose concerning employee attendance, job performance, or other matters, Plaintiff would bring those concerns to the attention of the Operations Manager; only Operations Managers could make ultimate management decisions.

Two years after he was fired, Plaintiff brought this action in federal court, without pursuing any action before the National Labor Relations Board ("NLRB"). Plaintiff asserted a federal claim under the National Labor Relations Act ("NLRA"), as well as a state-law claim for retaliatory discharge. The latter claim was based on Plaintiff's assertion that he had been discharged in violation of a clear principle of New Mexico public policy forbidding anti-union activity. Defendant moved to dismiss, arguing that Plaintiff's claims are preempted by the NLRA, and are claims that must be brought before the NLRB for resolution rather than a court. Plaintiff then responded by agreeing to dismiss his federal NLRA claim. Plaintiff argues, however, that his state-law claim is not preempted and may be maintained in this Court.

The doctrine of NLRA preemption of state-law claims and state jurisdiction is well established, and has been summed up as follows: when the activities sought to be regulated by a state are clearly within the purview of Section 7 or 8 of the NLRA, or may fairly be

2

assumed to be within such purview, the state's authority over such activities is preempted. *International Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 389 (1986) (discussing *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), which first set forth standard for NLRA preemption).  Even where it is not clear whether a particular activity is governed by Section 7 or 8, courts are not the primary tribunals to adjudicate the issue; instead, such a determination must be left in the first instance to the NLRB.  *Id.*, at 389-90. In other words, when an activity is arguably subject to Section 7 or 8 of the NLRA, state and federal courts must defer to the competence of the NLRB to avoid state interference with national labor policy.  *Id.*  This Court must first decide whether there is an arguable case for preemption; if there is, the Court must defer to the NLRB, and the Court may not entertain this case unless the NLRB has decided that the activity is not governed by Section 7 or 8. *See id.*, at 397.

Of course, not every local regulation that touches or concerns the complex relationships between employers, employees, and unions is preempted by the NLRA.  *Id.* at 392.  For example, where the state-law claim addresses conduct that is of only peripheral concern to the NLRA, such as slander by an employer or retaliation for filing a worker's compensation claim, the state-law claim will not be preempted.  *See, e.g., Richardson v. Kruchko & Fries*, 966 F.2d 153, 156 (4th Cir. 1992); *Gray v. Local 714, Int'l Union of Operating Engineers*, 778 F.2d 1087, 1090 (5th Cir. 1985); *Peabody Galion v. Dollar*, 666 F.2d 1309, 1316-19 (10th Cir. 1981).  However, where the relevant conduct falls within the central core of the NLRA's concerns, state regulation of that conduct will be preempted.  *See*

*id.* Some courts have stated that the test is whether the substance of the dispute is the same under both the NLRA and state law; if so, the state law must yield to the NLRA and courts to the jurisdiction of the NLRB. *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1518 (11th Cir. 1988). Other courts, similarly, have held that the question is whether the conduct relied upon to prove a crucial element of the state action is conduct that is arguably covered by the NLRA. *Richardson*, 966 F.2d at 157; *Lumber Prod. Indus. Workers Local #1054 v. West Coast Indus. Relations Ass'n*, 775 F.2d 1042, 1049 (9th Cir. 1985).

In this case, the conduct that forms the basis of Plaintiff's state-law claim is Defendant's alleged anti-union conduct, firing Plaintiff for his pro-union history and comments. The public policy he relies on to support his claim is a purported policy against anti-union activity. Thus, the public policy forming the basis of his retaliatory-discharge claim is exactly the same as the purposes behind the NLRA--to prevent anti-union actions by employers. Furthermore, Defendant's action in this case, firing Plaintiff due to his supposed pro-union views, is arguably a violation of the NLRA and therefore subject to the jurisdiction of the NLRB. *See Great Lakes Warehouse Corp. v. NLRB*, 239 F.3d 886, 891 (7th Cir. 2001) (employer violates Section 8 of NLRA if anti-union animus was a motivating factor in company's decision to discharge an employee). Plaintiff's retaliatory-discharge claim, therefore, is preempted by the NLRA. *See Viestenz v. Fleming Companies, Inc.*, 681 F.2d 699, 701-02 (10th Cir. 1982) (where employee's wrongful-discharge claim was based on significant public interest, because he was discharged for his union activities, but that claim was also an allegation of an unfair labor practice under Section 8 of the NLRA, the

wrongful-discharge claim was preempted); *see also Pantazis v. Fior D'Italia, Inc.*, 1994 WL 519469 (N.D. Cal. 1994) (claim for tortious discharge in violation of public policy was preempted, because substance of claim fell within parameters of Section 8 of NLRA); *Kelecheva v. Multivision Cable T.V. Corp.*, 22 Cal.Rptr.2d 453, 456 (Cal.App. 1993) (same).

Plaintiff attempts to avoid the above result by arguing he was a supervisor, and was therefore not protected by the NLRA. It is true that supervisors are specifically exempted from the coverage of the NLRA, and if Plaintiff was clearly a supervisor, his state-law claim is not preempted. *See Davis*, 476 U.S. at 394. However, given Plaintiff's allegations in his complaint, there is a substantial question in this case whether he qualified as a supervisor under the statute's definition. *See NLRB v. Bell Aerospace Co. Div. of Textron, Inc.*, 416 U.S. 267, 290, n. 19 (1974) (employee's job duties, authority, and responsibility, rather than title, control determination of supervisor status). As noted above, Plaintiff alleged he had no authority to hire, fire, or discipline other workers; had very little supervisory authority, discretion, or right to exercise independent judgment; and had no decision-making authority. Under the NLRA, a supervisor is an individual having authority to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or to responsibly direct them, or to adjust their grievances, with the use of independent judgment. 29 U.S.C. § 152(11). Comparison of Plaintiff's allegations with the duties of a supervisor shows that he has disclaimed most, if not all, of the powers that a "supervisor" must have, for purposes of the NLRA. *See Micro Pacific Dev. Inc. v. NLRB*, 178 F.3d 1325, 1332-33 (D.C.Cir. 1999).

Where there is an arguable question as to whether an employee is a supervisor or an employee covered under the NLRA, that question must be submitted initially to the NLRB for a decision.  *See Davis*, 476 U.S. at 394; *see also Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1274 (9th Cir. 1994) (if workers in question are arguably "employees" for NLRA purposes, state adjudication is preempted).  Unless and until the NLRB is given the opportunity to decide whether Plaintiff, who is arguably covered by the NLRA, is actually protected by the statute and was subjected to a violation of the statute, neither this Court nor any other court has the authority to address his claim of being discharged on the basis of Defendant's anti-union animus.  *Id.*[1]

**Conclusion**

Plaintiff was arguably covered by the provisions of the NLRA, and his state-law claim for retaliatory discharge falls within the core purposes of the NLRA.  Therefore, the retaliatory-discharge claim is preempted and must be dismissed.

Dated this 27th day of March, 2001.

*[signature: Bruce D. Black]*

---

[1] The Court notes Defendant's claim that the allowable time period for submitting a claim to the NLRB has expired.  The Court has not examined that question and nothing in this opinion should be construed as an authorization for Plaintiff to submit a late claim to the NLRB.  The Court holds only that, given the allegations in Plaintiff's complaint and the nature of his claim, he was required to submit his potential claim to the NLRB for decision before turning to the courts for relief.

                                          BRUCE D. BLACK
                                          United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Joleen K. Youngers
Almanzar & Youngers, P.A.
P.O. Box 7256
Las Cruces, New Mexico 88006

Linda M. Vanzi
Vanzi & Gagne, P.C.
108 Wellesley Dr., S.E.
Albuquerque, New Mexico 87106

**For Defendant**:
Stanley K. Kotovsky, Jr.
Hinkle, Hensley, Shanor & Martin L.L.P.
500 Marquette, N.W., Suite 800
Albuquerque, New Mexico 87102

Mary E. Bruno
Michael Lungaretti
Greenberg Traurig, LLP
One East Camelback Road, Suite 1100
Phoenix, Arizona 85012